# IN THE COURT OF APPEALS OF IOWA

No. 20-1460
Filed April 28, 2021

**IN THE INTEREST OF E.G.,**
**Minor Child,**

**Z.G., Father,**
    Appellant,

**A.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Associate Juvenile Judge.

A mother and a father separately appeal the termination of their parental

rights. **AFFIRMED ON BOTH APPEALS.**

Christina M. Shriver, Waterloo, for appellant father.

Teri Jo Schmitz of Iowa Legal Aid, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant
Attorney General, for appellee State.

Tammy L. Banning of Juvenile Public Defender's Office, Waterloo, attorney
and guardian ad litem for minor child.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child under Iowa Code section 232.116(1)(e), (h), and (*l*) (2020). Neither parent challenges the grounds for termination. Instead, they ask for more time under sections 232.104(2)(b) and 232.117(5), which allow the court to continue the child's placement for six more months before holding a hearing to consider modification of the permanency order. In order to delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We make this determination de novo review. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child came to the attention of the Iowa Department of Human Services (DHS) in 2017 after testing positive for marijuana at birth. Concerns about the father's methamphetamine use led to juvenile court proceedings in 2018. In November 2019, only four months after those proceedings ended, the child was placed in the home of the maternal grandparents because of concerns that the mother and the father were parenting the child while under the influence of methamphetamine. Because the maternal grandparents used drugs in the child's presence and left the child unsupervised in the parents' care on multiple occasions in the two months that followed, the juvenile court placed the child in family foster care and adjudicated the child to be in need of assistance.

The record shows that both the mother and the father have a long history of substance use, beginning in adolescence.[1]  The mother waited until six months after the child's removal to obtain treatment, attended only four of five treatment sessions beginning in July 2020, and admitted using drugs twice in August 2020. The father followed substance-use treatment recommendations, participating in both inpatient and outpatient treatment, but he has failed to remain sober.  The father also claims that "his drug use doesn't impact his ability to parent and he shouldn't shield [E.G.] from that."   As a result, his visits with the child remained fully supervised.  The mother, who was inconsistent in attending visits, struggled to interact with the child when she did attend.  The mother also failed to obtain a mental-health evaluation and treatment.  And employment and housing remained a concern for both parents at the time of the termination hearing.

In light of the severity of the mother's and the father's substance-use issues and the limited progress they made over a ten-month period, we are unable to find that another six months would make a difference.  Despite receiving services since 2017, neither parent has demonstrated an ability to parent the child safely.  There is no reason to believe this pattern will change.  *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting that insight into the child's future can be gained from evidence of the parent's past performance).  Additional time is not warranted.

**AFFIRMED ON BOTH APPEALS.**

---

[1] The mother has been diagnosed with a moderate cannabis use disorder and a severe amphetamine use disorder.  The father has been diagnosed with severe amphetamine use disorder, severe cannabis use disorder, and severe alcohol use disorder.